Timothy J. TODARO, Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, et al, Respondents.

No. 46825.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 8, 1983.

**764**

Hyatt Legal Services, Florissant, for appellant.

Larry R. Ruhmann, Jefferson City, for respondent Mo. Div. Employment Sec.

Alan J. Downs, Jefferson City, for respondent Labor & Industrial Relations.

REINHARD, Judge.

Claimant appeals from the Labor and Industrial Relations Commission's dismissal of his appeal as untimely. The Commission based its dismissal on the claimant's failure to adhere to the provisions of § 288.070, RSMo.Supp.1982, when filing his appeal

from the deputy's decision denying him unemployment compensation benefits. We affirm the Commission's finding.

Claimant originally filed a claim for unemployment benefits on February 4, 1982, indicating his termination from Lee Glass, Inc. of Dallas, Texas was due to lack of work. At a later hearing, claimant testified that at the time of his application he was told that he might be entitled to benefits in both Missouri and Texas. Furthermore, he testified to having received a statement entitled "initial determination," which indicated that Texas benefits were returned since they could not increase claimant's benefits.

On February 25, 1982, claimant received a document entitled "Deputy Determination Concerning Claim for Benefits." In this statement, the deputy indicated that claimant had been found disqualified for benefits since he voluntarily quit his Texas job. This form also contained a notice that claimant had ten days to appeal from this decision, as provided by § 288.070, RSMo. 1978.

Claimant did not appeal within the statutory ten day period. Rather, his appeal of the deputy's decision was filed March 16, 1982 and was, at that time, dismissed as untimely. At a hearing before the Appeals Tribunal, claimant's petition was again found untimely. The Commission affirmed this decision and adopted as its own the findings of the Appeals Tribunal. § 288.-200, RSMo. 1978. The trial court likewise affirmed on review. § 288.210, RSMo. 1978.

Section 288.070.8, RSMo. 1978, provides that the statutory ten day period for appeal may be extended for "good cause." In considering whether good cause exists to excuse the tardiness of claimant's appeal, claimant would have this court adopt the standard of review enunciated by the California Supreme Court in *Gibson v. Unemployment Insurance Appeals Board,* 9 Cal.3d 494, 108 Cal.Rptr. 1, 509 P.2d 945 (banc 1973). There, the Court determined that "good cause" was a question of law and,

therefore, that an independent determination could be made by the appellate court. *Id.* 108 Cal.Rptr. at 3, 509 P.2d at 947. We need not, however, look to the law of another state to resolve this issue. Our brethren in Kansas City have considered this matter and established a standard to review Commission determinations of "good cause." *Bishop v. Labor and Industrial Relations Comm.,* 567 S.W.2d 736 (Mo.App.1978). In *Bishop* the court stated:

> The determination of good cause is addressed in the first instance to the sound discretion of the administrative agency, it depends on the evaluation of many subtle factors, and that determination is subject to judicial review only for abuse of discretion.

*Id.* at 740.

■ Consistent with the *Bishop* decision, we believe that in enacting subsection 8 of § 288.070, the legislature intended to leave the initial determination as to the existence of good cause with the administrative agency familiar with such administrative claims. Therefore, we are bound by the Commission's determination, absent an abuse of discretion, even though we might have reached a different decision had we considered the matter initially.

■ The claimant, in his application to the Appeals Tribunal for review, sought to excuse his tardiness by alleging that "[t]he deputy's determination that was sent to me on February 25, 1982 was incomprehensible." At the hearing on this matter, claimant reiterated that the deputy's determination:

> wasn't comprehensable [sic] to me, [in that], I was qualified for unemployment benefits here [in] the State of Missouri and not in the State of Texas. And to my knowledge, when I went to apply for my claim, they told me that I would be filing a double claim and so, I thought that I was already elig—they told me I was eligible in the State of Missouri already, and they were going to file double claims in the State of Texas.

The statement claimant received from the deputy, however, states "disqualifica-tion from 1–31–82 because ... claimant left work with the above employer voluntarily without good cause attributable to his work or to his employer on 1–29–82." The deputy elaborated on the reason for claimant's disqualification in this document, saying "Claimant quit to return to St. Louis, his home. Claimant stated he was on layoff which the Employer denies. Claimant came home to look for work. This being a personal reason." Nowhere in this document does it indicate that the decision applies only to Texas benefits.

The procedures to challenge the deputy's determination are also laid out in this statement. On the bottom of the form, above the signature of the deputy, appears:

### YOUR APPEAL RIGHTS

*If you believe this determination is incorrect* you may file an appeal at the office shown above, in person or by mail, not later than ten days after the date entered below. If appeal is by mail, the United States post office postmark date will be the date filed. If the last day for filing the appeal falls on Sunday or legal holiday, the filing will be timely if the appeal is filed on the next day which is neither a Sunday or legal holiday. Any appeal should give the reason why it is believed the determination is incorrect. If you do not understand the determination and how to file an appeal, ask the deputy to help you. If the claimant appeals and is unemployed, he should continue to report on his claim. If this determination allows benefits, they will be paid immediately as they become due even if a timely appeal is filed.

The dissenting commissioner found good cause excusing claimant's untimeliness, based on the vagueness of the deputy's determination. The Commission majority disagreed, however, holding that the deputy's action was clear, and furthermore that the claimant bore a responsibility to investigate if he was uncertain as to the implications of the decision.

On review, we must look at all factors to determine if the Commission abused its discretion in this case by failing to find good cause. In this regard, the record reveals that the claimant possesses a twelfth grade education. Furthermore, he admits to having received the deputy's determination on February 25, 1982 and having read the document in its entirety, including "the printed paragraph that told you what your appeal rights were." Significantly, included in the notice of claimant's appeal rights is the statement "if you do not understand the determination and how to file an appeal, ask the deputy to help you."

We cannot say that the Commission abused its discretion in failing to find good cause to excuse this late appeal. While there is some justification to claimant's complaints concerning the clarity of the decision, that alone is not sufficient to constitute good cause. Here, claimant, who possessed a twelfth grade education, received the decision and read the notice of appeal rights, which *clearly* explained his remedy if he did not understand the decision. Instead of seeking assistance, claimant did nothing.

It is obvious that the efficient administration of this act requires that there be some final and conclusive disposition of individual claims for benefits. This is not inconsistent with the policy favoring liberal interpretation of the act as it applies to the benefits. § 288.020, RSMo. 1978. The basic responsibility lies with the claimant to come forward and assert his rights. If a determination is unclear, the avenue available to claimant to seek clarification is readily apparent in the decision. If an adverse decision has been rendered, it is claimant's responsibility to register his disapproval and seek reversal in a timely fashion.

The agency should not interpret our decision in this case as approving of its regulation concerning "good cause" nor as sanctifying administrative orders which are unclear. The agency shoulders a grave responsibility to ensure that it properly carries out its purpose, and clearly conveys its actions to those who deal with it.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.