MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Respondent,

v.

Beverly WILLIAMS–PELTON, Appellant.

No. WD 65211.

Missouri Court of Appeals, Western District.

Dec. 27, 2005.

Beverly Williams–Pelton, Kansas City, for pro se.

Kurt M. Lewis, Kansas City, for Respondent.

PAUL M. SPINDEN, Presiding Judge.

Beverly Williams–Pelton appeals the circuit court's judgment giving possession of certain real property to Mortgage Electronic Registration Systems, Inc. Because of her brief's woeful inadequacies that prevent us from determining what her complaint is, we dismiss Williams–Pelton's appeal.

 Williams–Pelton appears *pro se.* We hold *pro se* appellants to the same procedural rules as attorneys, and we do not grant them preferential treatment regarding compliance with those rules. *Wilson v. Carnahan*, 25 S.W.3d 664, 667 (Mo. App.2000). Failure to comply with the rules of appellate procedure constitutes grounds for the dismissal of an appeal. *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo. App.1999).

We would be acting improperly to review this case because Williams–Pelton's brief is so inadequate that we must guess what her point is and would have to sift through the case record trying to find support for the perceived point. We would, in effect, be assuming the role of appellant's advocate, an improper role.

*Stickley v. Auto Credit, Inc.*, 53 S.W.3d 560, 563 (Mo.App.2001). We, therefore, dismiss the appeal. We do so reluctantly, preferring instead to decide cases on the merits, but we feel compelled to dismiss because Williams–Pelton's brief is so flagrantly deficient that we are not able to understand her point, much less conduct a review of her case.

 Williams–Pelton's point relied on is of little aid in helping us to understand her complaint. The point relied on says:

> The circuit courts ignored the defendants truthful testimony throughall court appearances by Beverly Williams–Pelton from Aug. 2003 to Jan 2005. Regarding burglary issue 560.070. Although appellant offered police report that home was burglarized in Jan. 2002. Also in the system of Jackson County's Records Dept. Appellant tried to retrieve information nd could not because system said corruption and not invalid entry Property and dwelling unit was registered in Jackson County Records Dept on Nov. 5, 2001.[1]

This point relied on violates Rule 84.04(d)(1)'s requirement that it "identify the trial court ruling or action that the appellant challenges; ... state concisely the legal reasons for the appellant's claim of reversible error; and ... explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." The point does not state the legal reason for Williams–Pelton's claim of error and does not explain why the legal reason supports her claim of reversible error. " 'A point relied on written contrary to the mandatory requirements of Rule 84.04(d) ... preserves nothing for appellate review.' " *Foster v.*

---

1. The original was in all capital letters. Spelling and punctuation errors and omissions were also in the original.

*Village of Brownington,* 140 S.W.3d 603, 608 (Mo.App.2004) (citation omitted).

Moreover, Williams–Pelton's statement of fact does not comply with Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination." The statement does not set out any procedural history. It merely says:

> During the week of Jan. 16, 2002 The residence at 3336 Norton was kicked inby unknown assailants in the middle of the night while I Beverly Williams–Pelton was working. Burglary 560.070 RSMO. [A–3] All papers were taken from the house and my eldest son was severely assaulted V.A.M.S. 569.160. The paperwork was all that was taken during the burglary 560.070. All appellant has left is a receipt for work permit from the city Police report was filed but could not be found in the police records. I beverly Williams–Pelton had to have report rewritten.[2]

Further, Williams–Pelton's argument is woefully inadequate. It is void of citations to the record and cites no precedent or other authority. When an appellant fails to cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned. *Cooper v. Bluff City Mobile Home Sales, Inc.,* 78 S.W.3d 157, 164 (Mo.App.2002). Williams–Pelton's argument says:

> Inside the file folder the plaintiff Mortgage Electronic filed papers to garnish wages from appellant in 2004 without proper notice. Also papers were to to the circuit court for monthly payments to stolen property 560.070. I Beverly Williams–Pelto have never had any dealings or contact with this Co. as a tenant or otherwise The police report never mattered to the judge othe fact that my eldest child was brutally assaulted inside 3336 Norton. This Co. represents identity thieves.
>
> During court proceeding circuit court allowed Mortgage Electronics to proceed without any proof ownership. Also the police dept. was invloved and that is highly irregular to help any Co. claiming property in Jackson County.[3]

This argument is so inadequate that we can only speculate as to what Williams–Pelton's claim is. We deem points not developed in the argument section to be abandoned. *Lack v. Payne,* 151 S.W.3d 862, 867 (Mo.App.2004).

Williams–Pelton's brief violates Rule 84.04 in numerous other ways. We decline, however, to list all of the violations. We, therefore, dismiss the appeal.[4]

VICTOR C. HOWARD, Judge, and RONALD R. HOLLIGER, Judge, concur.

---

**2.** Spelling and punctuation errors and omissions were in the original.

**3.** The original was in all capital letters. Spelling and punctuation errors and omissions were also in the original.

**4.** In response to William–Pelton's appeal, Mortgage Electronic asks that we sanction Williams–Pelton pursuant to Rule 84.19 for filing a frivolous appeal. We decline to exercise our discretion to award sanctions and deny Mortgage Electronic's request.