**Esfandiar TAVACOLI, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. WD 69103.**

Missouri Court of Appeals,
Western District.

Sept. 2, 2008.

Esfandiar Tavacoli, Overland Park, Kansas, pro se.

Larry Raymond Ruhmann, Jefferson City, MO, for respondent.

Before HAROLD L. LOWENSTEIN, P.J., PAUL M. SPINDEN, Judge and VICTOR C. HOWARD, Judge.

VICTOR C. HOWARD, Judge.

After the Hyatt Corporation terminated his employment, Esfandiar Tavacoli sought unemployment benefits under the Missouri Employment Security Law. After filing for benefits, a deputy at the Division of Employment Security denied Tavacoli's claim after concluding that he was terminated due to his own misconduct. The deputy determined that Tavacoli falsified his timesheet by indicating he arrived to work at 4:00 A.M. when, in fact, he arrived at 4:50 A.M. The deputy also stated, "[I]f you believe this determination is incorrect, you may file an appeal not later than 08/29/07." On September 5, 2007, Tavacoli filed an appeal with the Appeals Tribunal. The

Appeals Tribunal dismissed the appeal as untimely and indicated Tavacoli had not presented good cause for filing the appeal late. Tavacoli sought review from the Labor and Industrial Relations Commission, and it affirmed the decision of the Appeals Tribunal. Tavacoli now appeals pro se. We dismiss the appeal because his brief is patently non-compliant with Rule 84.04.[1]

Tavacoli's brief contains multiple violations of Rule 84.04 and preserves nothing for our review. "[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal ..." Rule 84.13(a). "An appellant who proceeds pro se is held to the same standards as are attorneys and are not given preferential treatment." *Kuenz v. Walker*, 244 S.W.3d 191, 193 (Mo.App. E.D.2007). Rule 84.04(c) requires that the appellant's brief contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." The statement of facts in Tavacoli's brief contains several argumentative statements and omits other facts necessary to a determination of the appeal. " 'The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case.' " *In re Marriage of Weinshenker*, 177 S.W.3d 859, 862 (Mo. App. E.D.2005) (quoting *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo. App. E.D.1998)). Furthermore, Tavacoli's brief cites no case law, statutes, or regulations. " 'If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned.' " *Kuenz v. Walker*, 244 S.W.3d at 194 (quoting *Houston v. Weisman*, 197 S.W.3d 204, 206 (Mo. App. E.D.2006)). Additionally, both points relied on are wholly noncompliant with Rule 84.04(d). Both points fail to concisely state legal reasons for the claim of reversible error and explain why those legal reasons support the relief requested.[2] However, the most significant briefing defect is the complete absence of an argument section. See Rule 84.04(e). "When an appellant fails to cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned." *Mortgage Elec. Registration Sys., Inc. v. Williams–Pelton*, 196 S.W.3d 50, 52 (Mo. App. W.D.2005). In the face of these significant briefing defects, we deem the appeal abandoned.

Occasionally, we review non-compliant briefs from pro se appellants ex gratia.[3] See *Difatta–Wheaton v. Dolphin*

---

1. Unless indicated otherwise, all citation to rules refers to Missouri Supreme Court Rules (2008) and all citation to statutes refers to RSMo (2000).

2. Tavacoli's first point states:
   The commission Erred in denying my unemployment Benefits, because of falsification, which is not true. I was to be at work at 5:00 am. They had some kind of evidence that was prepared by my employer and Manager who wanted me out of the Banquet Department. I have plenty of proof to show that my Manager Shawn Duke wanted to get rid of me and he finally got his wish before, he himself left the company. Most of the employees that worked there forget to swipe their card twice a week, but in 21 years I forgot 2 or 3 times.

   On June 8th 2007, I came to work with a new suit and left my swipe card in the other suit pocket. I used to change the time on the on the [sic] schedule manually for my employees and the next day I would have my Manager initial it. I had to do that because I was the Banquet Captain.

3. We note in passing that had we reached the merits of this appeal, likely, we would affirm the Labor and Industrial Relations Board's decision. The deputy's determination was final. The Missouri Employment Security Law states, "[u]nless the claimant or any interested party within thirty calendar days after notice of such determination is either delivered in person or mailed to the last known address of such claimant or interested party files an appeal from such determination, it shall be

*Capital Corp.,* —— S.W.3d ——, 2008 WL 220197 (Mo.App. W.D.2008). Nevertheless, generally we only review an abandoned claim where the argument is readily understandable. *Cubit v. Accent Mktg. Servs., LLC.,* 222 S.W.3d 277, 280 (Mo. App. W.D.2007). Such is not the case here. While we understand that Tavacoli claims that he was not guilty of misconduct, we do not understand how that relates to the reason for the dismissal: his untimely filing of the appeal with the Appeals Tribunal. We, therefore, do not reach the merits of the appeal.

## Conclusion

We, therefore, dismiss the appeal.

All concur.

final." § 288.070.4. "If an adverse decision has been rendered, it is claimant's responsibility to register his disapproval and seek reversal in a timely fashion." *Todaro v. Labor & Indus. Comm'n of Mo.,* 660 S.W.2d 763,

766 (Mo.App. E.D.1983). While this period may be extended for "good cause," the record case does not indicate what, if any, good cause Tavacoli had for filing the notice of appeal late. § 288.070.8.