William MORELAND, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. WD 69023.

Missouri Court of Appeals, Western District.

Oct. 14, 2008.

Rehearing Denied Nov. 25, 2008.

**40**

William Moreland, Kansas City, MO, pro se.

Shelly Kintzel, Jefferson City, MO, for respondent.

Before THOMAS H. NEWTON, C.J., VICTOR C. HOWARD and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Appellant William Moreland appeals from a decision of the Labor and Industrial Relations Commission denying his application for unemployment benefits. The Commission denied Mr. Moreland's application on the ground that he was not an "insured worker" within the meaning of § 288.030.1(22), RSMo 2000, and therefore was not eligible for benefits. Because of the significant deficiencies in Mr. Moreland's appellate brief, we dismiss the appeal without reaching the merits of the Commission's benefits determination.

In an order entered on April 17, 2008, this Court struck Mr. Moreland's initial brief based on multiple, specifically identified violations of the briefing requirements of Rule 84.04. We gave Mr. Moreland the opportunity to file an Amended Brief curing the listed deficiencies. Yet Mr. Moreland's Amended Brief continues to suffer from the same significant defects identified in this Court's April 17 Order. Thus, without attempting to be exhaustive, his Amended Brief (like his original Brief) contains: no table of contents or table of

cases, in violation of Rule 84.04(a)(1); no Jurisdictional Statement, in violation of Rules 84.04(a)(2) and (b); no fact statement with citations to the record (and no record citations anywhere) in violation of Rules 84.04(c) and (i); no Points Relied On, in violation of Rules 84.04(a)(4) and (d); no legal argument with citation of *relevant* authority applicable to the issues on appeal, in violation of Rules 84.04(a)(5) and (e); no identification of the appropriate standard of review, in violation of Rule 84.04(e); and no "short conclusion stating the precise relief sought," in violation of Rule 84.04(a)(6).[1]

At the outset we emphasize that, although Mr. Moreland is appealing *pro se,* "he is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Rainey v. SSPS, Inc.,* 259 S.W.3d 603, 603 (Mo.App. W.D.2008) (citing *Sy v. Sow,* 258 S.W.3d 840 (Mo.App. W.D.2008)).

Mr. Moreland's failure to include a fact statement with record references, Points Relied On, and a legal argument citing authority (with an explanation of how the cited authority applies here) would each be a sufficient basis to dismiss this appeal, standing alone. "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Tavacoli v. Div. of Employment Sec.,* No. WD 69103, 2008 WL 4004202, at *1 (Mo.App. W.D. Sept.2, 2008) (citation and quotation marks omitted). "Rule 84. 04(i)'s requirement that the appellant support factual statements in its brief with record citations 'is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record.'" *Rainey,* 259 S.W.3d at 603 (quoting *Lueker v. Mo. W. State Univ.,* 241 S.W.3d 865, 868 (Mo.App. W.D.2008)).

Similarly, "'[w]hen an appellant fails to cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned.'" *Tavacoli,* 261 S.W.3d 708, 710 (quoting *Mortgage Elec. Registration Sys., Inc. v. Williams–Pelton,* 196 S.W.3d 50, 52 (Mo.App. W.D.2005)). The failure to include *any* Points Relied On in Mr. Moreland's Amended Brief— much less Points Relied On actually complying with Rule 84.04(d)—would also (separately) justify the dismissal of his appeal. *See, e.g., Steltenpohl v. Steltenpohl,* 256 S.W.3d 597, 599 (Mo.App. W.D.2008).

"Occasionally, we review noncompliant briefs from pro se appellants *ex gratia." Tavacoli,* 261 S.W.3d 708, 2008 WL 4004202, at *2 (footnote and citations omitted). However, "generally we only review an abandoned claim *where the argument is readily understandable." Id.* (emphasis added). This is not such a case. Because of the Amended Brief's various references to Mr. Moreland's difficulties with child support payments, the Internal Revenue Service, and a prior employer's garnishment of his wages, it is not until reading *Respondent's* Brief that a reader is able to confidently determine what sort of proceeding this appeal actually involves, much less the nature of Mr. Moreland's

---

1. We also note that Mr. Moreland's Amended Brief (and/or the appendix which is integrated into his Amended Brief) includes documents which are not contained in the Legal File. Such documents do not constitute part of the record on appeal, and will not be considered in deciding an appeal. *See, e.g., Lester E. Cox Med. Ctrs. v. Richards,* 252 S.W.3d 236, 238 n. 2 (Mo.App. S.D.2008); *McMilian v. McMilian,* 215 S.W.3d 313, 317–18 (Mo.App. W.D. 2007).

arguments for reversal. Were we to attempt to gratuitously address the merits of Mr. Moreland's appeal, we would first have to construct arguments on his behalf, a role we cannot properly assume. Although our preference is to decide an appeal on its merits, "[w]hen—as here—'a brief is so defective as to require us and opposing counsel to hypothesize about the appellant's argument and precedential support for that argument, we cannot reach the merits.' " *Rainey,* 259 S.W.3d at 603 (quoting *Kimble v. Muth,* 221 S.W.3d 419, 424 (Mo.App. W.D.2006)).

■ Mr. Moreland's principal claim on appeal appears to be that the Commission failed to reconstruct the prior wage history which may have rendered him an "insured worker," based on contact information for his purported former employers which he provided to the Commission. While we do not address the merits of that claim for the reasons discussed above, we do note that, at least as a general proposition, *the claimant*—not the Commission—bears the burden of proving that he is eligible to receive unemployment insurance benefits. *RPCS, Inc. v. Waters,* 190 S.W.3d 580, 585 (Mo.App. S.D.2006); *Miller v. Help at Home, Inc.,* 186 S.W.3d 801, 806 (Mo.App. W.D.2006).

The appeal is dismissed.

All concur.