CITY OF LEE'S SUMMIT,
Respondent,

v.

Robert L. COOK, Appellant.

No. WD 72522.

Missouri Court of Appeals,
Western District.

March 29, 2011.

Rehearing Denied May 3, 2011.

Robert L. Cook, pro-se.

Before Division Two: KAREN KING MITCHELL, Presiding Judge, JOSEPH M. ELLIS Judge and VICTOR C. HOWARD, Judge.

VICTOR C. HOWARD, Judge.

Robert Cook appeals his conviction and $400 fine for carrying on a nuisance in violation of the Lee's Summit Code of Ordinances. Because of significant deficiencies in Cook's brief, the appeal is dismissed.

Cook appeals *pro se.* His initial brief was struck for multiple, specific violations of the briefing requirements of Rule 84.04. Thereafter, Cook filed an amended brief, and the City of Lee's Summit filed a motion to strike the brief for failure to comply

with Rule 84.04 and motion to dismiss the appeal, which was taken with the case.

Cook's amended brief continues to contain multiple violations of Rule 84.04 and preserves nothing for review. "Rule 84.04 sets forth various requirements for appellate briefs and compliance with these requirements is 'mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made.'" *Leonard v. Frisbie*, 310 S.W.3d 704, 706 (Mo.App. W.D.2010) (quoting *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo.App. W.D.2007)). "'Violations of Rule 84.04 are grounds for a court to dismiss an appeal.'" *Id.* (quoting *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App. E.D.1999)). An appellant who proceeds *pro se* "'is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs.'" *Moreland v. Div. of Emp't Sec.*, 273 S.W.3d 39, 41 (Mo.App. W.D.2008) (quoting *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 603 (Mo.App. W.D.2008)).

First, the jurisdictional statement is deficient for several reasons. Rule 84.04(b) provides:

> Bare recitals that jurisdiction is invoked "on the ground that the construction of the Constitution of the United States or of this state is involved" or similar statements or conclusions are insufficient as jurisdictional statements. The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated.

Cook's jurisdictional statement provides that the action is one involving the question of whether [his] property was properly incorporated from Jackson County through Ordinance No. 565 and that it involves the construction of "a municipal annexation law of this state." However, Cook's points relied on, argument, and legal file seem to deal with his conviction for carrying on a nuisance in violation of the City of Lee's Summit's ordinances. Moreover, Cook does not identify the "municipal annexation law of this state" to which he refers nor does he set forth sufficient facts to demonstrate the applicability of a particular provision of Article V, section 3, whereon the jurisdiction of this court is predicated. The jurisdictional statement is, therefore, inadequate under the requirements of Rule 84.04(b).

Second, the statement of facts fails to comply with Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Tavacoli v. Div. of Emp't Sec.*, 261 S.W.3d 708, 710 (Mo.App. W.D.2008)(internal quotes and citations omitted). Cook's statement of facts, which contains only two sentences, omits facts necessary for determination of the appeal. In fact, a reading of the statement of facts gives no indication of Cook's claims of error or the facts upon which they are based. Such deficiencies fail to preserve the claims for appellate review. *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo.App. E.D.1998).

Next, the points relied on fail to comply with the requirements of Rule 84.04(d). Rule 84.04(d) requires each point to "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." In his three points, Cook does not concisely state the legal reasons for his claims of reversible

error, nor does he explain why, in the context of this case, those legal reasons support the claims.

The absence of an argument is the most significant briefing defect. Cook merely restates his points relied on in the argument section and does not develop his claims of error. The "argument should demonstrate how principles of law and the facts of the case interact." *Scott v. Potter Elec. Signal Co.,* 310 S.W.3d 311, 312 (Mo. App. E.D.2010). "A contention that is not supported with argument beyond conclusions is considered abandoned." *State v. Bell,* 266 S.W.3d 287, 290 (Mo.App. E.D. 2008). Finally, Cook does not include a concise statement of the applicable standard of review for each claim as required by Rule 84.04(e).

█ Occasionally, non-compliant briefs of *pro se* appellants are reviewed *ex gratia. Moreland,* 273 S.W.3d at 41; *Tavacoli,* 261 S.W.3d at 708. However, an abandoned claim is generally only reviewed where the argument is readily understandable. *Id.* Such is not the case here. While the preference is to decide an appeal on the merits, where a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached. *Moreland,* 273 S.W.3d at 42. To address the merits of this appeal, this court would have to become an advocate for Cook by searching the record for the relevant facts of the case, speculating about the possible claims of error, and crafting an argument on his behalf. This we cannot do. Accordingly, the appeal is dismissed.

All concur.