Sandra WILLIS, Appellant,

v.

**MISSOURI FARM BUREAU SERVICES, INC.,**
Respondent,

**Division of Employment Security,**
Respondent.

No. WD 75528.

Missouri Court of Appeals,
Western District.

April 2, 2013.

Rehearing Denied April 30, 2013.

452

Sandra Willis, appellant pro se.

Jane C. Drummond, for respondent Farm Bureau.

Robert S. Bedell, for respondent Division of Employment Security.

Before Division One: MARK D. PFEIFFER, Presiding Judge, VICTOR C. HOWARD, Judge and ALOK AHUJA, Judge.

VICTOR C. HOWARD, Judge.

Sandra Willis appeals from a decision of the Labor and Industrial Relations Commission denying her application for unemployment benefits. The Commission denied Ms. Willis's application on the ground that her employer discharged her for misconduct connected with work, and therefore she was not eligible for benefits. Because of significant deficiencies in Ms. Willis's appellate brief, we dismiss the ap-

peal without reaching the merits of the Commission's benefits determination.

Ms. Willis appeals *pro se.* Her initial brief was struck for multiple, specific violations of the briefing requirements of Rule 84.04. Thereafter, Ms. Willis filed an amended brief, and Farm Bureau initially requests in its appellate brief that Ms. Willis's amended brief also be stricken for failure to comply with Rule 84.04 and her appeal dismissed.

 Ms. Willis's amended brief continues to contain multiple violations of Rule 84.04 and preserves nothing for review. "Rule 84.04 sets forth various requirements for appellate briefs and compliance with these requirements is 'mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made.'" *Leonard v. Frisbie,* 310 S.W.3d 704, 706 (Mo.App. W.D.2010) (quoting *Brown v. Ameristar Casino Kansas City, Inc.,* 211 S.W.3d 145, 147 (Mo.App. W.D. 2007)). "'Violations of Rule 84.04 are grounds for a court to dismiss an appeal.'" *Id.* (quoting *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo.App. E.D. 1999)). An appellant who proceeds *pro se* "'is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs.'" *Moreland v. Div. of Emp't Sec.,* 273 S.W.3d 39, 41 (Mo.App. W.D.2008) (quoting *Rainey v. SSPS, Inc.,* 259 S.W.3d 603, 603 (Mo.App. W.D.2008)).

 First, Ms. Willis's jurisdictional statement is deficient. Rule 84.04(b) provides:

Bare recitals that jurisdiction is invoked "on the ground that the construction of the Constitution of the United States or of this state is involved" or similar statements or conclusions are insufficient as jurisdictional statements. The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated.

Ms. Willis's jurisdictional statement provides the procedural history of her case and concludes that, "[t]his appeal is within the general appellate jurisdiction of the Missouri Court of Appeals. The Constitution of Missouri as amended governs this court['s] review of decisions denying unemployment compensation." However, Ms. Willis does not set forth sufficient facts to demonstrate the applicability of a particular provision of Article V, section 3, whereon the jurisdiction of this court is predicated. The jurisdictional statement is, therefore, inadequate under the requirements of Rule 84.04(b).

 Second, the statement of facts fails to comply with Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Tavacoli v. Div. of Emp't Sec.,* 261 S.W.3d 708, 710 (Mo.App. W.D.2008) (internal quotes and citations omitted). Ms. Willis's statement of facts is argumentative and does not contain a fair and concise statement of the facts relevant to the questions presented. It instead contains Ms. Willis's version of the events, rather than a statement of the evidence in the light most favorable to the verdict as required by Rule 84.04. *Waller v. A.C. Cleaners Mgmt., Inc.,* 371 S.W.3d 6, 10 (Mo.App. E.D.2012). Further, Ms. Wallis fails to support her facts with citations to specific page references to the record on

appeal, as required by Rule 84.04(i). Such deficiencies fail to preserve Ms. Willis's claim for appellate review. *Waller*, 371 S.W.3d at 10.

Next, Ms. Willis's point relied on fails to comply with the requirements of Rule 84.04(d). Rule 84.04(d) requires each point to "(A) identify the administrative ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." In her sole point, Ms. Willis fails to explain in summary fashion why, in the context of her case, her legal reasons support her claim of reversible error. The final portion of her point on appeal, which apparently attempts to do so, reads, "[t]here [were] definitely no rules followed as protocol and there was indeed a breach of contract." This statement does not make clear why Ms. Willis contends that the Commission's decision was not supported by the facts or the evidence on the record. "Under Rule 84.04, it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Martin v. Div. of Emp't Sec.*, 384 S.W.3d 378, 384 (Mo.App. E.D. 2012) (internal quotations omitted). Speculation on an appellant's arguments is not permitted by the appellate courts because such speculation would "cast the court in the role of an advocate for the appellant." *Id.*

Moreover, Ms. Willis's point relied on fails to comply with the requirement of Rule 84.04(d)(5) that "[i]mmediately following each 'Point Relied On,' the appellant ... shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies."

Furthermore, Ms. Willis's argument is defective, makes no legal argument, and contains no citation to legal authority. Ms. Willis's argument consists of mostly factual assertions, none of which "have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits[,]" as required by Rule 84.04(e). The "argument should demonstrate how principles of law and the facts of the case interact." *Scott v. Potter Elec. Signal Co.*, 310 S.W.3d 311, 312 (Mo.App. E.D.2010). "A contention that is not supported with argument beyond conclusions is considered abandoned." *State v. Bell*, 266 S.W.3d 287, 290 (Mo.App. E.D.2008). Finally, Ms. Willis does not include a concise statement of the applicable standard of review for her claim as required by Rule 84.04(e).

Occasionally, non-compliant briefs of *pro se* appellants are reviewed *ex gratia*. *Moreland*, 273 S.W.3d at 41; *Tavacoli*, 261 S.W.3d at 708. However, an abandoned claim is generally only reviewed where the argument is readily understandable. *Id.* Such is not the case here. While the preference is to decide an appeal on the merits, where a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached. *Moreland*, 273 S.W.3d at 42. To address the merits of this appeal, this court would have to become an advocate for Ms. Willis by searching the record for the relevant facts of the case, speculating about the possible claims of error, and crafting a legal argument on her behalf. This we cannot do. Accordingly, the appeal is dismissed.

All concur.