Joseph **RENDA**, Appellant,

v.

**EASTERN METAL SUPPLY OF MISSOURI, INC. and Division of Employment Security, Respondents.**

No. ED 99205.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 17, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 22, 2013.

Application for Transfer Denied Dec. 24, 2013.

---

John J. Ammann, St. Louis University Legal Clinic, St. Louis, MO, for Appellant.

Eastern Metal Supply of Missouri, Inc., St. Charles, MO, Pro Se.

Sara H. Harrison, Division of Employment Security, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Joseph Renda ("Claimant") appeals from a decision of the Labor and Industrial Relations Commission ("the Commission") denying him unemployment benefits. Claimant argues the Commission erred in concluding he voluntarily quit his job and further erred in not concluding that Claimant was discharged for a reason other than misconduct. We reverse and remand for further proceedings.

In March of 2008, Claimant began working for Eastern Metal Supply of Missouri ("Eastern Metal") as a truck driver, a job requiring a Class 1 Commercial Driver License ("CDL"). In 2011, Claimant was arrested for driving while intoxicated while off-duty. Claimant informed Eastern Metal of the arrest and continued to drive on a series of temporary licenses. On June 23, 2012, Claimant learned his latest temporary license had expired without renewal while out-of-town with a company truck on a work-related trip. Claimant phoned Eastern Metal and informed them of the expired CDL. Eastern Metal then sent another employee to pick up both Claimant and the company truck. Claimant did not work on June 23 or June 24 as he had scheduled time off. On June 25, Claimant worked in Eastern Metal's warehouse as the company explored the possibility of transferring Claimant to the warehouse permanently. After his shift, he was told to call Eastern Metal on Monday as a decision regarding his future employment would be reached by then. When Claimant called Eastern Metal, he learned he had been terminated.

Claimant filed for unemployment benefits and Eastern Metal protested the claim. A deputy determined Claimant was disqualified for benefits because he left work voluntarily without good cause. After appeal, the Appeals Tribunal affirmed the deputy's determination. Claimant then appealed to the Commission which affirmed the Appeals Tribunal and adopted its decision. Claimant now appeals to this Court.

■ Appellate review of an award made by the Commission is governed by Section 288.210.[1] We may set aside the decision of the Commission only where (1) the Commission acted without or in excess of its powers, (2) the decision was procured by fraud, (3) the facts found by the Commission do not support the award, or (4) there was no sufficient competent evidence in the record to warrant the making of the award. *Ayers v. Sylvia Thompson Residence Ctr.*, 211 S.W.3d 195, 197–98 (Mo. App.W.D.2007); Section 288.210(1)–(4). We defer to the Commission on all factual issues as long as those findings were supported by competent and substantial evidence and were found in the absence of fraud. Section 288.210. We consider all issues of fact not found by the Commission "as having been found in accordance with the result reached." Rule 73.01.[2] We owe no deference to the Commission's conclusions of law or application of the law to the facts. *Munson v. Div. of Empl. Sec.*, 323 S.W.3d 112, 114 (Mo.App. W.D.2010).

■ In his first point, Claimant argues the Commission erred in finding he left work voluntarily with good cause because he did not take any action to quit his employment. We agree.

1. All statutory references are to the Revised Statutes of Missouri (RSMo) 2000, updated through the 2012 Cumulative Supplement.

2. All rule references are to the Missouri Court Rules (2012).

■ Missouri's declared public policy is to set aside unemployment reserves for the benefit of individuals unemployed through no fault of their own. Section 288.020.1. Unemployment compensation can be denied if the Commission finds that the claimant voluntarily quit without good cause attributable to the work or employer. Section 288.050.1(1). Section 288.050.1(1) "must be strictly and narrowly construed in favor of finding that an employee is entitled to compensation." *Harris v. Div. of Empl. Sec.*, 350 S.W.3d 35, 40 (Mo.App.W.D.2011).

■ Where an employer claims that the employee voluntarily left his employment without good cause, the employee has the burden to prove (1) that he did not voluntarily leave work or (2) that he left work for good cause attributable to the work or the employer. *Ayers,* 211 S.W.3d at 198. An employee leaves work voluntarily when he leaves of his own accord, as opposed to being discharged, dismissed, or subjected to layoff by the employer. *Wood v. Kuhlmann Supply Co.,* 355 S.W.3d 563, 567 (Mo.App.E.D.2011). Conversely, an employee will not be held to have left voluntarily when the employer decides to end the employment relationship. *Id.*

Here, Claimant did not want to quit his job. After his arrest for DWI, Claimant took a number of steps to attempt to continue working for Eastern Metal. First, Claimant obtained temporary driving privileges and continued to drive a truck for Eastern Metal for more than a year. When his temporary driving privileges ended, Claimant asked to be transferred to the warehouse and was willing to take a reduction in pay and hours to do so. These actions indicate Claimant wished to keep his job, not leave it.

This case should be contrasted with *Board of Education of City of St. Louis v.*

*Labor & Industrial Relations Commission,* 633 S.W.2d 126 (Mo.App.W.D.1982). There, a teacher held temporary certification for a 90–day period. *Id.* at 127. When the 90–day period ended, the teacher was terminated as she had not yet obtained permanent certification. *Id.* The court found the teacher had "exercised a free-will choice" in deciding not to obtain permanent certification, thus her termination was ruled a voluntary quit. *Id.* at 133.

Unlike the teacher in *Board of Education,* who failed to take the steps necessary to continue working as a teacher, Claimant fought for his job. While Claimant decided to drive while intoxicated, no evidence suggests Claimant was attempting to quit his job when he made that decision. Even though Claimant's decision to drink and drive led to the forfeiture of his CDL and eventually his termination, he did not drink and drive in an attempt to quit his job. Therefore, the DWI arrest alone is insufficient to prove Claimant voluntarily quit.

In contrast, after Claimant's DWI arrest, his actions indicate a desire to continue working for Eastern Metal. Initially, Claimant tried to continue working as a truck driver by obtaining temporary driving privileges for as long as he could. When those driving privileges ended, Claimant volunteered to take a cut in hours and pay if Eastern Metal would transfer him to their warehouse. These are not the actions of a person who wanted to quit his job.

Claimant's actions following his DWI arrest show Claimant wanted to continue working for Eastern Metal. Therefore, the Commission erred in finding Claimant voluntarily quit his job. Point granted.

■ In his second point, Claimant argues he was discharged for a reason other

than misconduct. We may not address an issue that was not determined by the Commission. *Taylor v. St. Louis Arc, Inc.,* 285 S.W.3d 775, 776 (Mo.App.E.D.2009). The commission characterized Claimant's termination as a voluntary quit, thus it did not address the issue of misconduct. Therefore, we cannot address this issue and must remand for further proceedings. Point denied.

The judgment of the Commission is reversed and the cause is remanded for further proceedings.

LAWRENCE E. MOONEY, P.J. and SHERRI B. SULLIVAN, J., concur.