

# In the Missouri Court of Appeals
# Eastern District

### DIVISION III

| | | |
|---|---|---|
| GLORIA TRICE, | ) | No. ED101509 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, DIVISION | ) | |
| OF EMPLOYMENT SECURITY, and | ) | |
| BEYOND HOUSING, INC., | ) | |
| | ) | |
| Respondents. | ) | FILED:  December 9, 2014 |

Introduction

Gloria Trice ("Claimant") appeals from the ruling of the Labor and Industrial Relations

Commission ("Commission") dismissing her appeal as untimely.  Claimant alleges that the

Commission erred in applying an erroneous definition of "good cause" when determining whether

good cause existed to extend the thirty-day period for filing an appeal.  Claimant also contends that

the Commission erred in concluding that good cause did not exist for extending the filing period

because she presented undisputed evidence that she acted in good faith and reasonably under the

circumstances.  Because the Commission acted beyond its powers in applying an invalid definition of

"good cause," we set aside the judgment and remand to the Commission for a determination of

whether Claimant demonstrated good cause to file an untimely appeal under the proper definition of "good cause" as found in 8 C.S.R. 10-5.010(2)(C).

Factual and Procedural Background

Claimant worked as the chief development officer for Beyond Housing, Inc. until her resignation on October 23, 2013. On December 12, 2013, Claimant filed a claim for unemployment security benefits. On January 17, 2014, a deputy determined that Claimant was disqualified from receiving unemployment benefits because she left her job with Beyond Housing, Inc. voluntarily and without good cause attributable to her work or employer. The deputy's determination informed Claimant that she had the right to file an appeal with the Appeals Tribunal no later than February 18, 2014.

After receiving the deputy's adverse determination, Claimant retained an attorney to represent her in an appeal to the Appeals Tribunal. Claimant's attorney, ("Attorney"), filed the appeal on February 21, 2014, three days after the deadline. In a letter accompanying the appeal, Attorney requested that the time for filing the appeal be extended for good cause pursuant to 8 C.S.R. 10-5.010(2)(C).

An Appeals Tribunal referee held a telephone hearing on March 12, 2014, to determine, *inter alia*, if Claimant had good cause for failing to file a timely appeal.[1] At the hearing, Attorney explained that after Claimant retained her, she inserted the February 18 deadline into her law firm's internal docketing system as well as a reminder prompt seven days before the deadline. While the seven-day reminder prompt was posted on the law firm's weekly docket sheet, the last date for filing was not posted because of an error by a clerical employee who inadvertently omitted it from the weekly docket sheet. Attorney further testified that she was not in her office on February 17, which was President's Day, and on February 18 she participated in a court hearing in the morning and took

---

[1] The Appeals Tribunal also took evidence relating to the merits of Claimant's appeal.

2

two depositions in the afternoon. Over the next two days, Attorney was out of town on business. Attorney stated that it was only on the evening of February 20 that she realized that the filing deadline for Claimant's appeal had passed.

The Appeals Tribunal issued a decision on March, 18, 2014, in which it found that Claimant did not show good cause for failing to file a timely appeal. The decision provides, in relevant part:

CONCLUSIONS OF LAW:
. . .

The claimant's attorney received the Deputy's Determination Concerning Claim for Benefits well before the deadline for filing an appeal. The attorney knew of the deadline and received a reminder seven days before the final date for the filing of an appeal. While the internal docketing program failed to deliver a final reminder to the attorney of the deadline, it remained the responsibility of the attorney to file the appeal on or before the deadline on February 18. ***It was not beyond the reasonable control of the attorney to file a timely appeal.*** The evidence shows that the claimant did not file a timely appeal and good cause has not been established for missing the appeal deadline.

(emphasis added). Because Claimant's appeal was not timely filed, the Appeals Tribunal concluded that the deputy's determination was final and it would not consider the merits of Claimant's appeal. Claimant subsequently filed an Application for Review with the Commission on April 1, 2014. The Commission affirmed and adopted the decision of the Appeals Tribunal. This appeal follows.

<u>Point on Appeal</u>

In her sole point on appeal, Claimant alleges that the Commission erred in ruling that she failed to show good cause for filing a late appeal because the Commission applied the wrong definition of "good cause" in reaching its decision. Claimant also asserts that the Commission erred in concluding that good cause did not exist because she presented undisputed evidence that she acted in good faith and reasonably under the circumstances.

Appellate review of decisions of the Commission is governed by Section 288.210.[2] We may set aside the decision of the Commission only where (1) the Commission acted without or in excess of its powers, (2) the decision was procured by fraud, (3) the facts found by the Commission do not support the award, or (4) there was no sufficient competent evidence in the record to warrant the making of the award. Section 288.210; Renda v. E. Metal Supply of Missouri, Inc., 414 S.W.3d 556, 558 (Mo. App. E.D. 2013). We defer to the Commission on all factual issues but owe no deference to the Commission's conclusions of law or application of the law to the facts. Id.

Discussion

Claimant first contends that the Commission erred in ruling that she failed to show good cause for filing a late appeal because the Commission applied an obsolete definition of "good cause" in reaching its decision. We agree.

Under Section 288.070.4, a deputy of the Missouri Division of Employment Security "shall promptly examine each initial claim and make a determination of the claimant's status as an insured worker." Section 288.070.4. After that determination is made, the deputy shall promptly notify the claimant in writing of the determination. Section 288.070.5. "Unless the claimant or any interested party within thirty calendar days after notice of such determination is either delivered in person or mailed . . . files an appeal from such determination," the deputy's decision becomes final. Section 288.070.6. However, "the thirty-day period mentioned in [Section 288.070.6] may, for good cause, be extended." Section 288.070.10. The applicable regulation defines "good cause" as "those circumstances in which the party acted in good faith and reasonably under all the circumstances." 8 C.S.R. 10-5.010(2)(C).

---

[2] All statutory references are to RSMo (2000).

It is clear from the Appeals Tribunal's written conclusions of law that the Tribunal did not apply the definition of good cause mandated by 8 C.S.R. 10-5.010(2)(C). The Conclusions of Law contained in the record make no reference to the good faith of Claimant or whether Claimant acted reasonably under the circumstances. Rather, it appears that the Appeals Tribunal mistakenly applied an obsolete definition which was previously set forth in 8 C.S.R. 10-5.040(4). That now-defunct standard defined "good cause" as "only those circumstances which are completely beyond the reasonable control of the party and then only if that party acts as soon as practical under the circumstances." See Pharmflex, Inc. v. Division of Employment Security, 964 S.W.2d 825, 828-29 (Mo. App. W.D. 1997). Here, the Appeals Tribunal's decision states only that "[i]t was not beyond the reasonable control of the attorney to file a timely appeal," and offers no indication that the Tribunal considered good cause in terms of good faith and reasonableness as instructed by 8 C.S.R. 10-5.010(2)(C).

## Conclusion

The Commission acted beyond its powers in applying an erroneous definition of "good cause." Because the determination of good cause is addressed in the first instance to the sound discretion of the Commission, Todaro v. Labor & Indus. Comm'n of Missouri, 660 S.W.2d 763, 765 (Mo. App. E.D. 1983), the matter must be remanded for the exercise of its discretion under the proper definition of "good cause" as found in 8 C.S.R. 10-5.010.

Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

5