

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| IN RE: DANNY LINN JACKSON, | ) | |
| | ) | |
| Deceased, | ) | |
| | ) | |
| JIMMY H. YOUNG, | ) | WD78584 |
| | ) | |
| Respondent, | ) | Opinion filed: December 8, 2015 |
| | ) | |
| vs. | ) | |
| | ) | |
| MARTHA RANEY, | ) | |
| | ) | |
| Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF WORTH COUNTY, MISSOURI
## THE HONORABLE JOEL MILLER, JUDGE

Before Division One: Anthony Rex Gabbert, Presiding Judge,
Victor C. Howard, Judge and Cynthia L. Martin, Judge

Martha Raney appeals the judgment of the probate court finding that all four of the issue

of decedent, Danny Linn Jackson, were entitled to inherit from their father. Ms. Raney argues

that the probate court erred in allowing the decedent's nephew, Jimmy Young, to apply for

letters of administration and to charge the estate for work done on property of the estate, storage

of the property, and gas money to drive to the property; in allowing payments for the personal

representative and the attorney for the estate; in approving the final settlement; in discovering the

decedent's assets; and in not finding out who the true heirs were. Because of significant deficiencies in Ms. Raney's appellate brief, we dismiss the appeal without reaching the merits of the trial court's judgment.

## FACTS

Danny Linn Jackson died intestate on March 23, 2014. Mr. Young was named personal representative of the estate, and notice of the issuance of letters and of hearing on the matter was mailed to the decedent's issue, including Ms. Raney. Mr. Young filed a petition for determination of heirship, and a hearing was held, followed by the probate court's judgment finding that Ms. Raney and three others were issue and heirs of the decedent and ordering that each of the heirs receive notice of such information. Ms. Raney wrote a letter to the court, stating that decedent's other three biological children were adopted by adoptive parents and were not the decedent's children, and that they therefore had no legal right to his estate. Attached were obituaries that Ms. Raney claimed supported her assertions. Another hearing was held, and Ms. Raney appeared pro se, evidence was taken, and the determination of heirship was taken under advisement. The probate court issued judgment determining that all four of decedent's biological issue were heirs, noting the absence of clear and convincing evidence to the contrary, "other than obituaries[.]" This appeal by Ms. Raney followed.

## DISCUSSION

"Rule 84.04 sets forth various requirements for appellate briefs and compliance with these requirements is 'mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made.'" *Leonard v. Frisbie*, 310 S.W.3d 704, 706 (Mo. App. W.D. 2010) (quoting *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo. App. W.D. 2007)). "'Violations of Rule 84.04 are

grounds for a court to dismiss an appeal.'" *Id.* (quoting *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo. App. E.D. 1999). An appellant who proceeds *pro se* "is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Fesenmeyer v. Land Bank of Kansas City*, 453 S.W.3d 271, 274 (Mo. App. 2014) (internal quotation omitted).

First, Ms. Raney's jurisdictional statement is deficient. Rule 84.04(b) provides:

> The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated.

Ms. Raney's jurisdictional statement merely names the case appealed and states she seeks review "because she was an heir in the case and did not receive anything from the estate." However, Ms. Raney does not set forth sufficient facts to demonstrate the applicability of a particular provision of Article V, section 3, whereon the jurisdiction of this court is predicated. The jurisdictional statement is, therefore, inadequate under the requirements of Rule 84.04(b).

Second, the statement of facts fails to comply with Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Tavacoli v. Div. of Emp't Sec.*, 261 S.W.3d 708, 710 (Mo. App. W.D. 2008) (internal quotes and citations omitted). Ms. Raney's statement of facts does not contain a fair and concise statement of the facts relevant to the questions presented. It instead contains merely a list of dates of filings and a docket entry, and the date she received a copy of the docket sheet. As such the statement of facts does not meet the requirements of Rule 84.04(c) and does not fulfill the purpose of the statement of facts. Ms. Raney's statement of facts therefore fails to preserve her claims for appellate review. *See*,

*Snyder v. Snyder*, 142 S.W.3d 780, 782 (Mo. App. E.D. 2004). Furthermore her citations do not specify the document to which the pages named belong, and do not match the legal file.

Next, Ms. Raney's points relied on fail to comply with the requirement of Rule 84.04(d)(5) that "[i]mmediately following each 'Point Relied On,' the appellant… shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies."

Furthermore, Ms. Raney's argument is defective. The legal arguments she attempts to make fail to make a connection between the law she cites and how those legal principles interact with the facts of the case to render the probate court's judgment erroneous. Most of Ms. Raney's arguments consist of an excerpt from a case or statute followed by assertions or conclusions that Ms. Raney did not feel the actions of the personal representative or the court were right, but make no connection between the law, the facts, and why her feelings on the matter make the court's judgment erroneous. The "argument should demonstrate how principles of law and the facts of the case interact." *Scott v. Potter Elec. Signal Co.*, 310 S.W.3d 311, 312 (Mo. App. E.D. 2010). "A contention that is not supported with argument beyond conclusions is considered abandoned." *State v. Bell*, 266 S.W.3d 287, 290 (Mo. App. E.D. 2008).

Finally, Ms. Raney does not include a concise statement of the applicable standard of review for her claim as required by Rule 84.04(e).

Occasionally, non-compliant briefs of appellants are reviewed *ex gratia*. *Tavacoli*, 261 S.W.3d at 708. However, an abandoned claim is generally only reviewed where the argument is readily understandable. *Id.* Such is not the case here. While the preference is to decide an appeal on the merits, where a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits

4

cannot be reached. *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 605 (Mo. App. W.D. 2008). To address the merits of this appeal, this Court would have to become an advocate for Ms. Raney by searching the record for the relevant facts of the case, speculating about the possible claims of error, and crafting a legal argument on her behalf. This we cannot do.

Accordingly, the appeal is dismissed.

_____
VICTOR C. HOWARD, JUDGE

All concur.