ShaVon **LATTIMER**, Appellant,

v.

Evelyn L. **CLARK**, D.D.S., Respondent, Division of Employment Security, for respondent.

Nos. WD 75253, WD 75254.

Missouri Court of Appeals, Western District.

Sept. 24, 2013.

Motion for Rehearing and/or Transfer to the Supreme Court Denied Oct. 29, 2013.

ShaVon Lattimer, appellant pro-se.

Bart A. Matanic, Jefferson City, for respondent Division of Employment Security.

Before Division I: VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and ANTHONY REX GABBERT, Judge.

VICTOR C. HOWARD, Judge.

ShaVon Lattimer appeals from a decision of the Labor and Industrial Relations Commission affirming that Ms. Lattimer received an overpayment of unemployment benefits because she was disqualified from benefits for having voluntarily quit without good cause attributable to her work and because her appeal of the disqualification was untimely. Because of significant deficiencies in Ms. Lattimer's appellate brief, we dismiss the appeal without reaching the merits of the Commission's determination.

 Ms. Lattimer appeals *pro se*. Her initial brief was struck for multiple, specific violations of the briefing requirements of Rule 84.04. Thereafter, Ms. Lattimer filed an amended brief, and said brief continues to contain multiple violations of Rule 84.04 and preserves nothing for review. "Rule 84.04 sets forth various requirements for appellate briefs and compliance with these requirements is 'mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made.'" *Leonard v. Frisbie*, 310 S.W.3d 704, 706 (Mo.App.W.D.2010) (quoting *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo.App.W.D.2007)). "'Violations of Rule 84.04 are grounds for a court to dismiss an appeal.'" *Id.* (quoting *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App.E.D.1999)). An appellant who proceeds *pro se* "'is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs.'" *Moreland v. Div. of Emp't Sec.*, 273 S.W.3d 39, 41 (Mo.App.W.D.2008) (quoting *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 603 (Mo.App.W.D.2008)).

 First, Ms. Lattimer's jurisdictional statement is deficient. Rule 84.04(b) provides:

The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated.

Ms. Lattimer's jurisdictional statement provides the procedural history of her case and concludes by stating that, "ShaVon Lattimer is submitting a brief regarding the decision for over payment (sic) of unemployment benefits." However, Ms. Lattimer does not set forth sufficient facts to demonstrate the applicability of a particular provision of Article V, section 3, whereon the jurisdiction of this court is predicated. The jurisdictional statement is, therefore, inadequate under the requirements of Rule 84.04(b).

 Second, the statement of facts fails to comply with Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Tavacoli v. Div. of Emp't Sec.*, 261 S.W.3d 708, 710 (Mo.App.W.D.2008) (internal quotes and citations omitted). Ms. Lattimer's statement of facts is argumentative and does not contain a fair and concise statement of the facts relevant to the questions presented. It instead contains Ms. Lattimer's version of the events that led to her leaving employment, rather than a statement of the evidence in the light most favorable to the verdict as required by Rule 84.04. *Waller v. A.C. Cleaners Mgmt., Inc.*, 371 S.W.3d 6, 10 (Mo.App.E.D.2012). Such deficiency fails to preserve Ms. Lattimer's claim for appellate review. *Id.*

Next, Ms. Lattimer's points relied on fail to comply with the requirement of Rule 84.04(d)(5) that "[i]mmediately follow-

ing each 'Point Relied On,' the appellant ... shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies."

Furthermore, Ms. Lattimer's argument is defective, makes no legal argument, and contains no citation to legal authority. Ms. Lattimer's argument consists of mostly factual assertions, only some of which "have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits" as required by Rule 84.04(e). The "argument should demonstrate how principles of law and the facts of the case interact." *Scott v. Potter Elec. Signal Co.*, 310 S.W.3d 311, 312 (Mo.App.E.D.2010). "A contention that is not supported with argument beyond conclusions is considered abandoned." *State v. Bell*, 266 S.W.3d 287, 290 (Mo.App.E.D.2008). Finally, Ms. Lattimer does not include a concise statement of the applicable standard of review for her claim as required by Rule 84.04(e).

Occasionally, non-compliant briefs of appellants are reviewed *ex gratia*. *Moreland*, 273 S.W.3d at 41; *Tavacoli*, 261 S.W.3d at 708. However, an abandoned claim is generally only reviewed where the argument is readily understandable. *Id.* Such is not the case here. While the preference is to decide an appeal on the merits, where a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached. *Moreland*, 273 S.W.3d at 42. To address the merits of this appeal, this court would have to become an advocate for Ms. Lattimer by searching the record for the relevant facts of the case, speculating about the possible claims of error, and crafting a

legal argument on her behalf. This we cannot do.

Even if Ms. Lattimer's brief were reviewed *ex gratia*, an initial evaluation of her point on appeal reveals that her claim of error is based on the merits of her disqualification from unemployment benefits based on voluntary quit and the resultant overpayment determination, and not the Commission's decision that, because she failed to timely appeal her claim without good cause, the overpayment determination would stand. The merits of Ms. Lattimer's disqualification from unemployment benefits for voluntary quit without good cause and resultant determination of overpayment were not before the Commission to address and, thus, are not properly preserved for appeal before this Court. *St. John's Mercy Health Sys. v. Div. of Emp't Sec.*, 273 S.W.3d 510, 516 (Mo. banc 2009).

Accordingly, the appeal is dismissed.

All concur.