

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| KWANG H. KIM, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | WD77047 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | September 23, 2014 |
| WON IL KIM, | ) | |
| | ) | |
| Appellant. | ) | |

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Kevin D. Harrell, Judge

### Before Division One:  Mark D. Pfeiffer, Presiding Judge, and
### Lisa White Hardwick and Karen King Mitchell, Judges

Won Il Kim (Mr. Kim), who appears *pro se*, appeals from:  (1) the circuit court's judgment ordering him to pay Kwang H. Kim's (Ms. Kim) attorney's fees and sanctioning Mr. Kim for filing numerous frivolous pleadings; (2) the circuit court's judgment denying Ms. Kim's motion to modify a decree for dissolution of marriage entered on August 26, 1991; and (3) the circuit court's order disposing of numerous motions filed by Mr. and Ms. Kim. Mr. Kim raises thirteen points on appeal. Ms. Kim has filed a motion to strike the legal file and Mr. Kim's brief, a motion for sanctions, and a motion to dismiss Mr. Kim's appeal. Because of significant deficiencies in Mr. Kim's appellate brief, which prevent us from conducting

meaningful review, we dismiss Mr. Kim's appeal. We deny Ms. Kim's motions to strike the legal file and Mr. Kim's brief and Ms. Kim's motion for sanctions.

"Rule 84.04[1] sets forth various requirements for appellate briefs[,] and compliance with these requirements is 'mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made.'" *Leonard v. Frisbie*, 310 S.W.3d 704, 706 (Mo. App. W.D. 2010) (quoting *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo. App. W.D. 2007)). "'Violations of Rule 84.04 are grounds for a court to dismiss an appeal.'" *Id.* (quoting *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo. App. E.D. 1999)). An appellant proceeding *pro se* "is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 604 (Mo. App. W.D. 2008). Mr. Kim's brief fails to comply with Rule 84.04 in many respects, rendering his claims almost entirely incomprehensible.

First, Mr. Kim's jurisdictional statement is deficient. Rule 84.04(b) provides, in relevant part, that "[t]he jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated." To the extent we can understand Mr. Kim's jurisdictional statement, he merely recites some of his allegations against Ms. Kim and her attorney and then cites section 477.070,[2] which provides that "[t]he jurisdiction of the western district of the court of appeals shall be coextensive with all the counties in the state except those embraced in the jurisdiction of the eastern and the southern districts of the court of appeals." Mr. Kim's statement does not set forth sufficient facts to demonstrate the applicability of a

---

[1] All rule references are to the Missouri Court Rules (2013), unless otherwise noted.
[2] All statutory references are to the Missouri Revised Statutes (2000), as updated, unless otherwise noted.

particular provision of Article V, section 3, whereon the jurisdiction of this court is predicated. Thus, it does not fulfill the requirements of Rule 84.04(b).

Second, Mr. Kim's statement of facts fails to comply with Rule 84.04(c). Rule 84.04(c) provides, in relevant part, that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. W.D. 2013) (quoting *Tavacoli v. Div. of Emp't Sec.*, 261 S.W.3d 708, 710 (Mo. App. W.D. 2008)). Most of Mr. Kim's statement of facts is incomprehensible. To the extent we can discern his recitations, they are argumentative and do not provide this court with a complete and unbiased understanding of the facts. Therefore, Mr. Kim's statement of facts does not comply with the requirements of Rule 84.04(c).

Third, Mr. Kim's points relied on do not comply with Rule 84.04(d), which mandates that each point relied on shall: "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Mr. Kim's points on appeal are variously vague and incoherent; particularly, they fail to state in an understandable way either the legal reasons for his claims of error or how those legal reasons support his claims.

Last, Mr. Kim's argument contains many deficiencies. Rule 84.04(e) requires that the argument "substantially follow the order of [the] 'Points Relied On'"; "[t]he point relied on shall be restated at the beginning of the section of the argument discussing that point"; "[t]he argument shall be limited to those errors included in the 'Points Relied On'"; and "[t]he

3

argument shall . . . include a concise statement of the applicable standard of review for each claim of error." "The 'argument should demonstrate how principles of law and the facts of the case interact.'" *Lattimer*, 412 S.W.3d at 423 (quoting *Scott v. Potter Elec. Signal Co.*, 310 S.W.3d 311, 312 (Mo. App. E.D. 2010)). "'A contention that is not supported with argument beyond conclusions is considered abandoned.'" *Id.* (quoting *State v. Bell*, 266 S.W.3d 287, 290 (Mo. App. E.D. 2008)).

Again, to the extent we can decipher Mr. Kim's argument, it contains mostly argumentative allegations and conclusory statements. Mr. Kim cites no case law in support of any part of his argument, and many of his points relied on contain no citations to authority at all. "'It is an appellant's obligation to cite appropriate and available precedent if [the appellant] expects to prevail.'" *Rademan v. Al Scheppers Motor Co.*, 423 S.W.3d 834, 837 (Mo. App. W.D. 2014) (quoting *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo. App. S.D. 1999)). "Where 'the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss[ing] the appeal.'" *City of Plattsburg v. Davison*, 176 S.W.3d 164, 168 (Mo. App. W.D. 2005) (quoting *Spears*, 995 S.W.2d at 503).

Occasionally, where an appellant's argument is readily understandable, non-compliant briefs are reviewed *ex gratia*. *Lattimer*, 412 S.W.3d at 423. We decline to conduct such review here, as Mr. Kim's claims are not readily understandable. "While the preference is to decide an appeal on the merits, where[, as here,] a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached." *Id.* "To address the merits of this appeal, this court would have to become an advocate for [Mr. Kim] by searching the record for the relevant facts of the case,

4

speculating about the possible claims of error, and crafting a legal argument on [his] behalf." *Id.* "This we cannot do." *Id.*

Because Mr. Kim's brief fails to substantially comply with Rule 84.04 to the extent that we are unable to review his claims, we dismiss his appeal. We deny Ms. Kim's motions to strike the legal file and Mr. Kim's brief, and her motion for sanctions.

Karen King Mitchell, Judge

Mark D. Pfeiffer, Presiding Judge, and
Lisa White Hardwick, Judge, concur.