

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| WON IL KIM, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | **WD78917** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **March 1, 2016** |
| REUBEN A. SHELTON, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Patricia S. Joyce, Judge**

**Before Division Two:** Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Karen King Mitchell, Judges

Won Il Kim, who appears *pro se*, appeals from the circuit court's dismissal of his lawsuit against Reuben Shelton. Because of significant deficiencies in Mr. Kim's appellate brief that prevent us from conducting meaningful review, we dismiss Mr. Kim's appeal.

## Background

Shelton, a former president of the Missouri Bar, wrote an article titled "Proud to be a Missouri Lawyer" in the President's Page of the September-October 2014 issue of the Missouri Bar Journal. Mr. Kim—apparently based on his negative experience with two Missouri attorneys who were involved in Mr. Kim's 1993 divorce proceeding and a 2013 proceeding

relating to a qualified domestic relations order arising therefrom—determined that Shelton's positive words about the Missouri Bar were false declarations under § 575.060 RSMo (2000). Mr. Kim requested damages of $587,928.51 for the allegedly fraudulent words contained in the article. The trial court dismissed the lawsuit for failure to state a claim upon which relief could be granted. Mr. Kim timely appealed.

## Analysis

This is not the first time that Mr. Kim has filed an appeal with this court regarding his marriage dissolution and its subsequent proceedings. We were forced to dismiss Mr. Kim's prior appeal "[b]ecause Mr. Kim's brief fail[ed] to substantially comply with Rule 84.04[1] to the extent that we [were] unable to review his claims." *Kim v. Kim*, 443 S.W.3d 29, 31 (Mo. App. W.D. 2014). Mr. Kim has unfortunately repeated many of his earlier mistakes. "Mr. Kim's brief fails to comply with Rule 84.04 in many respects, rendering his claims almost entirely incomprehensible." *Id.* at 30.

Mr. Kim's statement of facts fails to comply with Rule 84.04(c), which provides that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." "'The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case.'" *Kim*, 443 S.W.3d at 30 (quoting *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. W.D. 2013)). "Most of Mr. Kim's statement of facts is incomprehensible." *Id.* at 31. "To the extent we can discern his recitations, they are argumentative and do not provide this court with a complete and unbiased understanding of the facts. Therefore, Mr. Kim's statement of facts does not comply with the requirements of Rule 84.04(c)." *Id.*

---

[1] All rule references are to the Missouri Supreme Court Rules (2015), unless otherwise noted.

Next, "Mr. Kim's points on appeal are variously vague and incoherent; particularly, they fail to state in an understandable way either the legal reasons for his claims of error or how those legal reasons support his claims." *Id.* This is in violation of Rule 84.04(d), "which mandates that each point relied on shall: '(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.'" *Id.*

Finally, "to the extent we can decipher Mr. Kim's argument, it contains mostly argumentative allegations and conclusory statements." *Id.* "Mr. Kim cites no case law in support of any part of his argument," and most of his argument contains no authority at all. *Id.* "Where the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss[ing] the appeal." *Id.* (internal quotation omitted).

In cases where "we are generally able to understand the nature of the claim presented," and the opposing party is "clearly able to understand and effectively address the claim in its responsive brief," we sometimes "exercise our discretion to review [inadequately briefed] claims *ex gratia.*" *Woods v. Mo. Bd. of Prob. & Parole*, 2015 WL 7454730, *2 n.2 (Mo. App. W.D. Nov. 24, 2015). But where, as here, Mr. Kim's "'brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached.'" *Kim*, 443 S.W.3d at 31 (quoting *Lattimer*, 412 S.W.3d at 423). "'To address the merits of this appeal, this court would have to become an advocate for [Mr. Kim] by searching the record for the relevant facts of the case, speculating about the possible claims of error, and crafting a legal argument on [his] behalf.'" *Id.* (quoting

3

*Lattimer*, 412 S.W.3d at 423). "'This we cannot do.'" *Id.* (quoting *Lattimer*, 412 S.W.3d at 423).

The appeal is dismissed.

_____
Karen King Mitchell, Judge

Cynthia L. Martin, Presiding Judge,
and Mark D. Pfeiffer, Judge, concur.