

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| MICHAEL RAUCH, | ) | |
| | ) | |
| Appellant, | ) | WD83550 |
| v. | ) | |
| | ) | |
| | ) | OPINION FILED: |
| | ) | August 25, 2020 |
| CORIZON MEDICAL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Daniel R. Green, Judge**

**Before Division Two:** Karen King Mitchell, Presiding Judge, and
Anthony Rex Gabbert and W. Douglas Thomson, Judges

Michael Rauch, who appears *pro se*, appeals the dismissal of his petition alleging claims

under 42 U.S.C. § 1983 against twenty-nine defendants.[1]  Rauch's petition asserts violations of the

Americans with Disabilities Act, the Rehabilitation Act of 1973, the Religious Land Use and

Institutionalized Persons Act, and various constitutional rights, all arising from his medical care at

Crossroads Correctional Center.  Rauch raises one point on appeal; he claims that the court erred

in granting the defendants' motions to dismiss for failure to state a claim because he sufficiently

---

[1] The defendants include the Missouri Department of Corrections (DOC) and ten of its employees (collectively, the DOC defendants) and Corizon, LLC, a healthcare contractor, and seventeen of its employees (collectively, the Corizon defendants).

pled facts that would entitle him to relief but the court held him to "an elevated standard," showing bias and prejudice against him. Because of significant deficiencies in Rauch's appellate brief, which prevent us from conducting a meaningful review of his claims, we dismiss his appeal.

**Background**

On July 30, 2019, Rauch filed his petition alleging that the DOC defendants and the Corizon defendants were deliberately indifferent to his serious medical needs in that they refused or failed to provide him with a second hearing aid and batteries, prompt dental care, and a shingles vaccination.

Nine DOC defendants moved to dismiss Rauch's petition on the grounds of sovereign immunity, official immunity, failure to state a claim, and failure to exhaust administrative remedies. The motion court granted the DOC defendants' motions with prejudice for reasons stated therein. Nine Corizon defendants then moved to dismiss Rauch's petition on the grounds of failure to state a claim and failure to exhaust administrative remedies. The motion court granted the Corizon defendants' motion with prejudice for reasons stated therein.

Rauch filed a notice of appeal prematurely, and we dismissed that appeal (Case No. WD83351) because it was "taken from a judgment that [wa]s neither final nor otherwise appealable pursuant to §512.020 RSMo. 2016, and Rule 74.01(b)." Several named defendants had not yet been served and no judgment regarding those defendants had been entered by the motion court. Following our dismissal of Rauch's appeal in Case No. WD83351, the motion court made the following docket entry: "Remaining defendants dismissed without prejudice. Case dismissed." Rauch then filed the current appeal.

2

**Analysis**[2]

Rule 84.04[3] specifies the required contents of a brief on appeal.[4] "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Hiner v. Hiner*, 573 S.W.3d 732, 734 (Mo. App. W.D. 2019) (quoting *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018)). "An appellant's failure to substantially comply with Rule 84.04 'preserves nothing for our review' and constitutes grounds for dismissal of the appeal." *Id.* (quoting *Wallace*, 546 S.W.3d at 626). "This is especially true where, as here, 'we cannot competently rule on the merits of [Rauch's] argument without first reconstructing the facts . . . and then refining and supplementing [his] points and legal argument.'" *Id.* (quoting *Wallace*, 546 S.W.3d at 626).

Rauch's statement of facts does not comply with Rule 84.04(c), which requires the statement of facts to be "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford

---

[2] With respect to those defendants who were not served, the motion court dismissed Rauch's petition without prejudice. "The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Eckel v. Eckel*, 540 S.W.3d 476, 482 n.16 (Mo. App. W.D. 2018) (quoting *McGaw v. McGaw*, 468 S.W.3d 435, 439 n.5 (Mo. App. W.D. 2015)). "'An exception to this general rule' applies, however, 'where the dismissal has the practical effect of terminating the litigation in the form cast by the plaintiff.'" *Id.* (quoting *McGaw*, 468 S.W.2d at 439 n.5). For example, "[a] dismissal 'without prejudice' for failure to state a claim effectively bars a plaintiff from refiling the action in its original form." *Id.* (quoting *McGaw*, 468 S.W.2d at 439 n.5). Like the DOC defendants and the Corizon defendants who were dismissed with prejudice, the unserved defendants were employees of either DOC or Corizon, so the defenses asserted by the defendants who were dismissed with prejudice—sovereign immunity and official immunity (as to the DOC defendants only), failure to state a claim, and failure to exhaust administrative remedies—would apply equally to the unserved defendants. Thus, the dismissal of the unserved defendants without prejudice effectively terminated the litigation and, therefore, the dismissal is appealable, and we have jurisdiction to review Rauch's point appealed.

[3] All Rule references are to the Missouri Supreme Court Rules (2018) unless otherwise noted.

[4] "Although [Rauch] appears *pro se*, he 'is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs.'" *Hiner v. Hiner*, 573 S.W.3d 732, 734 n.2 (Mo. App. W.D. 2019) (quoting *Kim v. Won Il Kim*, 443 S.W.3d 29, 30 (Mo. App. W.D. 2014)).

3

an immediate, accurate, complete and unbiased understanding of the facts of the case." *Id.* (quoting *Nicol v. Nicol*, 491 S.W.3d 266, 268 (Mo. App. W.D. 2016)).

Rauch's statement of facts is deficient in that it does not provide "a fair and concise statement" of the relevant facts but instead consists primarily of legal arguments and conclusions. Rauch provides very few, if any, details about the specific actions or inactions of the defendants. Instead, he claims that all defendants "personally and directly violated" his rights and "created or allowed" unconstitutional policies or customs. He also claims to have "stated substantive principles of law entitling him to relief and [to have] informed all defendants of what he will attempt to establish at trial." And he claims that defendants' conduct "was so egregious that it could be fairly said to shock the [c]ontemporary [c]onscience of [the] average person." Such declarations do not afford an unbiased understanding of the facts, but instead leave defendants and this court to first reconstruct the facts, if any, that would support his claims. Thus, Rauch's statement of facts is deficient.

Rauch's sole point relied on states,

> The Honorable Judge Green clearly erred in granting all of Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted under Mo. R. Civ. P. 55.27 (A)(6) because Rauch pleaded factual allegations that is to be taken as facts in the petition and exhibit "Attachments" which would warrant relief Judge Green held Rauch to a elevated standard showing bias and prejudice when reviewing the petition as facts to be true as Rauch did plead facts to raise a reasonable expectation that discovery and exhibits attached to petition will reveal evidence of each necessary element as Judge Green erroneously granted all Defendant's Motion for Failure to state a claim upon which relief can be granted under Mo. R. Civ.P. 55.27 (A) (6) by holding Rauch to a elevated review or no review of petition at all prohibiting Rauch from protecting his Federal Constitutional Rights in Court.

> Judge Green showed bias and prejudice against Rauch by holding him at a higher standard than the review by Missouri Court requires as [list of legal authorities omitted].

4

Rauch's point fails to comply with Rule 84.04(d) in two main respects. First, the point is multifarious. "A point relied on violates Rule 84.04(d) when it groups together multiple, independent claims rather than a single claim of error, and a multifarious point is subject to dismissal." *Kirk v. State*, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017). Rauch's point raises four distinct claims of error that should have been raised in separate points relied on—he pled sufficient facts to state a claim, the motion court applied the wrong standard of review, the court did not review his petition and exhibits at all, and the court was biased.

Second, the point does not contain the information required by Rule 84.04(d)(1) or substantially follow the form prescribed by the rule. Where, as here, an appellate court is asked to review the decision of a trial court, "each point shall (A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *Hiner*, 573 S.W.3d at 735 (quoting Rule 84.04(d)(1)). "The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'" *Id.* (quoting Rule 84.04(d)(1)).

Although Rauch's point identifies a ruling challenged—dismissal of his petition for failure to state a claim—the point fails to cite legal reasons supporting Rauch's claim of reversible error or explain why, in the context of the case, those legal reasons support his claim of reversible error. Rauch does not provide legal reasons or support for his assertion that he pled sufficient facts to withstand a motion to dismiss for failure to state a claim or his assertion that the motion court was biased. And he does not articulate the "elevated standard" he claims the motion court applied in

5

determining whether his petition could withstand the defendants' motions, nor does he provide a basis for his assertion that the motion court did not review his petition.

"The purpose of the points relied on is 'to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.'" *Id*. at 735-36 (quoting *Wallace*, 546 S.W.3d at 627). As this court has explained:

> Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Id.* at 736 (quoting *Wallace*, 546 S.W.3d at 627-28).

"Because [Rauch] did not articulate the legal reasons for the alleged errors or explain how those legal reasons support his claims, he failed to give [the defendants] notice of the 'precise matters which must be contended with and to inform the court of the issues presented for review.'" *Id.* (quoting *Wallace*, 546 S.W.3d at 628). Thus, to address Rauch's alleged errors we would have to search the argument section of his brief and the record to "refin[e] and supplement[] [his] points." *Id.* (quoting *Wallace*, 546 S.W.3d at 626). "It is improper for us 'to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances.'" *Id.* (quoting *Wallace*, 546 S.W.3d at 628). "And doing so would create 'the danger that [we] will interpret [Rauch's] contention[s] differently than [he] intended or [the defendants] understood." *Id.* (quoting *Wallace*, 546 S.W.3d at 628). Thus, Rauch's sole point relied on does not comply with Rule 84.04(d).

"Occasionally, where an appellant's argument is readily understandable, non-compliant briefs are reviewed *ex gratia*." *Id.* at 737 (quoting *Kim v. Won Il Kim*, 443 S.W.3d 29, 31 (Mo.

6

App. W.D. 2014)).  Where, as here, Rauch's claims are not readily understandable, we decline to conduct such review.  "While the preference is to decide an appeal on the merits, where[, as here,] a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached."  *Id.* (quoting *Kim*, 443 S.W.3d at 31).  "To address the merits of this appeal, this court would have to become an advocate for [Rauch] by searching the record for the relevant facts of the case, speculating about the possible claims of error, and crafting a legal argument on [his] behalf."  *Id.* (quoting *Kim*, 443 S.W.3d at 31).  "This we cannot do."  *Id.* (quoting *Kim*, 443 S.W.3d at 31).

**Conclusion**

We dismiss Rauch's appeal for failure to comply with Rule 84.04.[5]

_____
Karen King Mitchell, Presiding Judge

Anthony Rex Gabbert and W. Douglas Thomson, Judges, concur.

---

[5] While this appeal was pending, the Corizon defendants moved to strike Rauch's brief and dismiss his appeal for failure to comply with Rule 84.04.  In view of our disposition of Rauch's appeal, we deny the motion as moot.