

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| **FREDRICO LOWE BEY,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD83693** |
| **v.** | ) | |
| | ) | |
| | ) | **OPINION FILED:** |
| | ) | **October 27, 2020** |
| **ANNE PRECYTHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Cotton Walker, Judge**

**Before Division Two:** Lisa White Hardwick, Presiding Judge, and
Thomas H. Newton and Karen King Mitchell, Judges

Fredrico Lowe Bey, who appears *pro se*, appeals the dismissal of his petition alleging that the Missouri Department of Corrections (DOC) and its Director Anne Precythe violated the Missouri Merchandising Practices Act (MMPA). Bey raises one point on appeal; he claims the court erred in granting the defendants' motion to dismiss for failure to state a claim, because his petition adequately alleged a violation of the MMPA, the defendants are subject to the MMPA, the doctrines of sovereign immunity and official immunity do not shield the defendants from liability, the court improperly denied several motions made by Bey, and the court abused its discretion.

Because of significant deficiencies in Bey's appellate brief, which prevent us from conducting a meaningful review of his claims, we dismiss his appeal.

## Background

In December 2017, Bey purchased a television set from the inmate canteen at Eastern Reception and Diagnostic Correctional Center. In August 2018, Bey filed a petition in small claims in Cole County Circuit Court, alleging that the set was defective and that DOC and Precythe had violated the MMPA by conspiring to sell the set to Bey. He filed an amended petition in October 2018.[1]

The small claims court dismissed Bey's amended petition with prejudice in December 2018 for failure to state a claim, finding that Bey's MMPA claim was barred by the doctrines of sovereign immunity (DOC and Precythe in her official capacity) and official immunity (Precythe in her individual capacity). Bey then filed a petition for trial de novo pursuant to § 482.365.[2] The circuit court dismissed Bey's petition for trial de novo on the grounds that it was untimely filed. Bey appealed that ruling to this court. We reversed the circuit court's ruling and remanded this matter to that court to accept Bey's petition for trial de novo as timely filed. *Bey v. Precythe*, 586 S.W.3d 781, 788 (Mo. App. W.D. 2019).

DOC and Precythe then moved to dismiss Bey's petition for failure to state a claim, and Bey filed an opposition. The court took up the State's motion to dismiss at a hearing that Bey attended via video conference. Following the hearing, the court issued its order and judgment of dismissal. The court concluded that (1) the MMPA does not provide a cause of action against the State; (2) sovereign immunity bars Bey's claim against DOC; (3) sovereign immunity and official immunity bar Bey's

---

[1] In the present case, Bey appeals the dismissal of his amended MMPA petition, but he failed to include his amended petition in the record on appeal. "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Mo. Sup. Ct. R. 81.12(a). As the appellant, Bey is responsible for preparing the record on appeal. Rule 81.12(b). All rule references are to the Missouri Supreme Court Rules (2018), unless otherwise noted.

[2] All statutory citations are to the Revised Statutes of Missouri, as updated through the 2018 Supplement.

claim against Precythe; and (4) Bey failed to state a claim upon which relief can be granted. Bey appeals.

## Analysis

Rule 84.04 specifies the required contents of a brief on appeal.[3] "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Hiner v. Hiner*, 573 S.W.3d 732, 734 (Mo. App. W.D. 2019) (quoting *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018)). "An appellant's failure to substantially comply with Rule 84.04 'preserves nothing for our review' and constitutes grounds for dismissal of the appeal." *Id.* (quoting *Wallace*, 546 S.W.3d at 626). "This is especially true where, as here, 'we cannot competently rule on the merits of [Bey's] argument without first reconstructing the facts . . . and then refining and supplementing [his] points and legal argument.'" *Id.* (quoting *Wallace*, 546 S.W.3d at 626).

Bey's sole point relied on states,

> The motion court committed reversible error in dismissing [Bey's] requested relief under § 482.365, RSMo, [Trial De Novo], for failure to state a claim under § 407.020, RSMo, [MMPA], because [Bey] is vested with consumer rights, in that he's being lawfully required to pay "consumer taxes" according to Missouri law, on consumer goods sold to him in the inmate canteen of [DOC], and the court's false notion that [MMPA] does not allow for a cause of action by [Bey], against the State, contrary to the Missouri Legislature's intent, because the doctrine[s] of sovereign immunity and official immunity bar [Bey's] claims against [Precythe], who[] acted under her "ministerial duties" in this capacity does not guarantee such protection; whereas after this honorable court reversed and remanded this case back to Judge Cotton Walker, ordering him to grant [Bey's] Trial De Novo, Judge Walker took it personal[ly] against [Bey] and thereby denied him any and all meaningful pretrial motions requested [discovery, depositions, appellate fees for the previous decision ruled in [Bey's] favor by this court, and motion to recuse the Missouri Attorney General's Office for "conflict of interest"],

---

[3] "Although [Bey] appears *pro se*, he 'is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs.'" *Hiner v. Hiner*, 573 S.W.3d 732, 734 n.2 (Mo. App. W.D. 2019) (quoting *Kim v. Won Il Kim*, 443 S.W.3d 29, 30 (Mo. App. W.D. 2014)).

in the above cause that had resulted in total abrogation of the small claims court judgment, and the court's dismissal of these grounds was completely contrary to the Missouri laws of consumer protections [and] the record before this court and was an abuse of discretion thereby mandating a reversal accordingly.

Bey's point fails to comply with Rule 84.04(d) in two main respects. First, the point is multifarious. "A point relied on violates Rule 84.04(d) when it groups together multiple, independent claims rather than a single claim of error, and a multifarious point is subject to dismissal." *In re Treatment of Kirk*, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017). Bey raises several distinct claims of error that should have been raised in separate points—his petition adequately alleged a violation of the MMPA, the defendants are subject to the MMPA, the doctrines of sovereign immunity and official immunity do not shield the defendants from liability, the court improperly denied several motions made by Bey, and the court abused its discretion.

Second, the point does not contain the information required by Rule 84.04(d)(1) or substantially follow the form prescribed by the rule. Where, as here, an appellate court is asked to review the decision of a trial court, points "shall (A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *Hiner*, 573 S.W.3d at 735 (quoting Rule 84.04(d)(1)). Each point "shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'" *Id.* (quoting Rule 84.04(d)(1)). "Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4).[4]

---

[4] In addition to the clear mandate of Rule 84.04, as a courtesy to litigants, our court's website includes a primer on writing points relied on that comply with Rule 84.04. That information is found in a document titled

Although Bey's point identifies a ruling challenged—dismissal of his petition for failure to state a claim—and the point cites *some* legal reasons supporting his claim of reversible error, the point does not explain why, in the context of this case, those legal reasons support his claim of reversible error. Bey does not provide support for any of his assertions—that his petition adequately alleged a violation of the MMPA, that the defendants are subject to the MMPA, that the doctrines of sovereign immunity and official immunity do not apply, that the court improperly denied several motions, or that the court abused its discretion. Instead, he merely states these as unsupported legal conclusions in violation of Rule 84.04(d)(4).

"The purpose of the points relied on is 'to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.'" *Hiner*, 573 S.W.3d at 735-36 (quoting *Wallace*, 546 S.W.3d at 627). As this court has explained:

> Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Id.* at 736 (quoting *Wallace*, 546 S.W.3d at 627-28).

Thus, to address Bey's alleged errors we would have to search the argument section of his brief and the record to "refin[e] and supplement[] [his] points." *Id.* (quoting *Wallace*, 546 S.W.3d at 626). "It is improper for us 'to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances.'" *Id.* (quoting *Wallace*, 546 S.W.3d at 628). "And doing so would create 'the danger that [we] will interpret [Bey's] contention[s] differently

"Western District Quick Guide to Appellate Practice" on the www.courts.mo.gov website under the drop-down menu for Court of Appeals, Western District.

than [he] intended or [the defendants] understood." *Id.* (quoting *Wallace*, 546 S.W.3d at 628). Thus, Bey's sole point relied on does not comply with Rule 84.04(d).

Bey's failure to comply with Rule 84.04(d) warrants dismissal of his appeal, but it is not the only deficiency in his brief. Bey's statement of facts does not comply with Rule 84.04(c), which requires the statement of facts to be "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Hiner*, 573 S.W.3d at 735 (quoting *Wallace*, 546 S.W.3d at 626). Bey's statement of facts is deficient in that it does not provide "a fair and concise statement" of the relevant facts but instead consists primarily of legal arguments and conclusions. For example, without alleging any relevant underlying facts, he asserts that the defendants knew the television set was defective when Bey purchased it and they conspired to violate the MMPA.[5] He also repeatedly accuses the circuit court of bias. Such declarations do not afford an impartial understanding of the facts. Thus, Bey's statement of facts is deficient.

Additionally, Bey's brief does not contain "[a] concise statement of the grounds on which jurisdiction of the review court is invoked." Rule 84.04(a)(2). Instead, Bey's three-page "jurisdictional statement" is basically a recitation of his statement of facts. And the argument portion of Bey's brief does not include a concise statement describing whether and how each claim of error was preserved for appellate review, as required by Rule 84.04(e).

"While the preference is to decide an appeal on the merits, where[, as here,] a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached." *Hiner*, 573

---

[5] In fact, in his brief, Bey alleges that he purchased the television set on December 13, 2017, and the defendants first became aware of the defect on March 26, 2018, more than three months after the sale.

S.W.3d at 737 (quoting *Kim v. Won Il Kim*, 443 S.W.3d 29, 31 (Mo. App. W.D. 2014)). "To address the merits of this appeal, this court would have to become an advocate for [Bey] by searching the record for the relevant facts of the case, speculating about the possible claims of error, and crafting a legal argument on [his] behalf." *Id.* (quoting *Kim*, 443 S.W.3d at 31). "This we cannot do." *Id.* (quoting *Kim*, 443 S.W.3d at 31).

### Conclusion

We dismiss Bey's appeal for failure to comply with Rule 84.04.[6]

_____
Karen King Mitchell, Judge

Lisa White Hardwick, Presiding Judge, and Thomas H. Newton, Judge, concur.

---

[6] While this appeal was pending, DOC and Precythe moved to strike Bey's brief for failure to comply with Rule 84.04. In view of our disposition of Bey's appeal, we deny the motion as moot.