

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| LEE KOUADIO-TOBEY, | ) | |
| | ) | |
| Appellant, | ) | WD85197 |
| | ) | |
| v. | ) | OPINION FILED: August 30, 2022 |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from The Labor and Industrial Relations Commission**

Before Division Three: Cynthia L. Martin, Presiding Judge, Lisa White Hardwick, Judge, W. Douglas Thomson, Judge

Lee Kouadio-Tobey ("Claimant") appeals from a decision by the Labor and Industrial Relations Commission ("Commission") that concluded that Claimant did not timely appeal from the Division of Employment Security's denial of a claim for unemployment benefits. Because Claimant's brief materially violates Rule 84.04, no issues are preserved for our review and the appeal is dismissed.

**Factual and Procedural Background**[1]

On November 16, 2020, Claimant filed a claim for unemployment benefits after being laid off on November 13, 2020. The Division of Employment Security determined that Claimant was entitled to a weekly benefit of $320, with a maximum benefit amount of $6,400.

Claimant filed a claim for unemployment benefits for the week of December 27, 2020 ("December 27, 2020 claim"). On January 29, 2021, the Division of Employment Security mailed Claimant the deputy's determination ("deputy's determination") denying the December 27, 2020 claim. The deputy's determination reasoned that "[t]he originating point of the claim is outside the area defined as a state for the purposes of Missouri unemployment insurance." The deputy's determination further stated: "This ineligibility will continue as long as the above condition exists. If the above circumstances change, contact the above office immediately." The deputy's determination notified Claimant that any appeal from the determination must be filed no later than March 1, 2021. Claimant appealed the deputy's determination to the Appeals Tribunal on June 28, 2021.

On September 7, 2021, the Appeals Tribunal held a telephone hearing to consider Claimant's appeal. Because the Division of Employment Security's records indicated that Claimant's appeal was not timely, the issue before the Appeals Tribunal was "whether good cause existed for the claimant to file a late appeal."

---

[1]When reviewing the Commission's decision, we view "the evidence objectively, not in the light most favorable to the decision of the Commission." *Ekres v. Div. of Emp. Sec.*, 641 S.W.3d 411, 413 n.1 (Mo. App. W.D. 2022) (quoting *417 Pet Sitting, LLC v. Div. of Emp. Sec.*, 616 S.W.3d 350, 356 n.2 (Mo. App. W.D. 2020)).

In addition to receiving documents from the Division of Employment Security regarding the December 27, 2020 claim, Claimant testified. Claimant testified that he left the country for Africa on December 28, 2020, and was there until his return to the United States on January 19, 2021. Claimant testified that, when he returned, he saw that the deputy's determination had been posted to his online unemployment portal. He then called the Division of Employment Security to advise that he had returned to the country. Claimant testified that the employee with whom he spoke said that the process "would take a bit of time." Claimant testified that he continued to call the Division of Employment Security regularly until June 2021, when he decided to file an appeal from the deputy's determination.

The Appeals Tribunal issued its decision on November 23, 2021 ("Appeals Tribunal's Decision"). The Appeals Tribunal's Decision concluded that Claimant's appeal was untimely, and that there was no good cause to extend the filing period "because this is not a situation in which circumstances were outside of the claimant's control and because the claimant did not act reasonably under the circumstances."

Claimant appealed the Appeals Tribunal's Decision to the Commission. On January 13, 2022, the Commission issued its decision affirming the Appeals Tribunal's decision and adopting it as its own ("Commission's Decision").

Claimant appeals.

**Compliance with Rule 84.04**

Before we reach the merits of Claimant's appeal, we must consider the Division of Employment Security's argument that, because Claimant's brief failed to follow the briefing

3

requirements set forth in Rule 84.04,[2] dismissal of Claimant's appeal is warranted. Rule 84.04 sets forth the required contents of every appellate brief filed in Missouri appellate courts, and failure to comply substantially with these mandatory requirements preserves nothing for review. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505, 509-10 (Mo. banc 2022). Self-represented litigants, like Claimant, are held to the same standards as attorneys, and their briefs must comply with Rule 84.04. *Craig v. Craig*, 644 S.W.3d 857, 861 (Mo. App. W.D. 2022).

Claimant's brief does not comply with Rule 84.04 in several respects. We first note that Claimant's brief introduces new facts in its statement of facts in violation of 84.04(c)'s requirement that the statement of facts "be a fair and concise statement of the facts relevant to the questions presented for determination without argument," and contrary to the purpose of the statement of facts, which "is to afford an immediate, ***accurate***, complete and unbiased understanding of the facts of the case." *Vogel v. Steffen*, 628 S.W.3d 224, 226 (Mo. App. W.D. 2021) (emphasis added) (quoting *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. W.D. 2013)). Further, Claimant fails to include specific page references to the record on appeal after each statement of fact in violation of Rule 84.04(c), a requirement that exists "because 'courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record.'" *Brown v. Brown*, 645 S.W.3d 75, 83 (Mo. App. W.D. 2022) (quoting *Sharp v. All-N-One Plumbing*, 612 S.W.3d 240, 245 (Mo. App. W.D. 2020)).

---

[2]All rule references are to Missouri Supreme Court Rules (2022), unless otherwise indicated.

Claimant's single point relied on fails to follow the format mandated by Rule 84.04(d)(2). "The function of [points relied on] is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Lexow*, 643 S.W.3d at 505 (quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)). Rule 84.04(d)(2), applicable to appeals from the decision of an administrative agency, provides a point relied on must:

(A) Identify the administrative ruling or action the appellant challenges;

(B) State concisely the legal reasons for the appellant's claim of reversible error; and

(C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The rule then provides the following template for the appellant to follow:

The [*name of agency*] erred in [*identify challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*].

Rule 84.04(d)(2). Claimant's point relied does not follow this template, and reads as follows: "The [Commission] erred in determining that I did not file my appeal timely and that I had full control over the situation and to the Division of Employment Security this is a violation." This point relied on is grammatically nonsensical. And though the point relied on claims error in the ultimate determination by the Commission that Claimant's appeal was untimely, it does not state "wherein and why" the Commission erred in concluding that Claimant's concededly untimely appeal should not be excused on the basis

5

of good cause shown. The point relied on is not in compliance with Rule 84.04(d)(2) and preserves nothing for review. *Lexow*, 643 S.W.3d at 505.

The argument portion of Claimant's brief also fails to comply with Rule 84.04(e), which provides:

> The argument shall substantially follow the order of "Points Relied On." The point relied on shall be restated at the beginning of the section of the argument discussing that point. The argument shall be limited to those errors included in the "Points Relied On." For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review.
>
> . . . .
>
> All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits. If the citation is to the system-generated legal file, it shall include the system-generated appeal document number and page number (e.g., D6 p. 7). If the portion cited is contained in the appendix, a page reference to the appendix shall also be included (e.g., D6 p. 7; App 9).

Claimant's brief fails to restate its point relied on at the beginning of the argument. Claimant's brief further violates Rule 84.04(e) because the argument does not include a concise statement describing whether the error is preserved for review, and not all factual assertions are followed by specific page references to the record on appeal. And Claimant's brief violates Rule 84.04(e) because it introduces new claims of error in the argument portion of the brief that are not included in the point relied on, specifically that the Commission's finding is not supported by substantial evidence and misstated and misapplied the law with respect to determining whether Claimant's conduct was a "knowing violation." Moreover, Claimant's argument fails to cite any authority relevant to

the question presented on appeal: whether Claimant had 'good cause' within the meaning of section 288.070.10 for failing to timely appeal the deputy's determination.

Briefing deficiencies support dismissal of an appeal, particular when they are so substantial and material as to require us to step into the role of advocate in order to discern and reach the merits of the case. *Lexow*, 643 S.W.3d at 505, 509. Claimant's briefing deficiencies are substantial and material. Excusing Claimant's material noncompliance with the requirements of Rule 84.04 would be tantamount to ignoring the requirements all together, negating their purpose. We are not inclined to do so, and accordingly dismiss Claimant's appeal.[3]

**Conclusion**

Claimant's appeal is dismissed.

Cynthia L. Martin, Judge

All concur

---

[3]Mindful that Claimant is *pro se*, we note for his benefit that even had we addressed whether the Commission erred when it decided that his late-filed appeal could not be excused for good cause, we would not have agreed with Claimant. There is no dispute that Claimant saw the deputy's determination well in advance of the deadline for timely filing an appeal, and knew that he was required to file an appeal by March 1, 2021. To overcome that problem, Claimant's brief relies heavily on evidence about purported communications with employees of the Department of Employment Security that was not presented to the Appeals Tribunal, or to the Commission, despite section 288.200.1, which provides a process for asking the Commission to take additional evidence. Our standard of review would not have permitted us to consider that additional evidence.

All statutory references are to RSMo 2016, as amended through November 13, 2020, unless otherwise indicated.